IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE L. BROWN-WOEHLER, as the Administrator of the Estate of Ciearra M. A. Brown, 6587 Stoneyridge Dr. Medina, OH  44256,<br><br>    Plaintiff,<br><br>vs.<br><br>TRANSPORT HUMAR LTÉE 400 Boul. Industriel # 101 Saint-Eustache, QC J7R 5V3 Canada,<br><br>and<br><br>JACQUES GRAVEL 5819 Rue Lauzon Montreal-Nord, QC H1G 2G9 Canada,<br><br>and<br><br>JOHN DOES #1 through #11 Names Unknown Addresses Unknown,<br><br>    Defendants. | Case No.:<br><br>Judge:<br><br><br><br>**COMPLAINT**<br>(Wrongful Death, Survivorship, Negligence, Vicarious Liability)<br><br>(Jury Demand Endorsed Hereon) |

1

Plaintiff Stephanie L. Brown-Woehler, as Administrator of the Estate of Ciearra M. A. Brown, deceased, (the "Estate") and for the Estate's Complaint against Defendants Transport Humar Ltée, Jacques Gravel, and John Does #1 through #11, states:

**PARTIES, JURISDICTION, AND VENUE**

1. In the matter of the Estate of Ciearra M. A. Brown, deceased, Medina County Probate Court, Case No. 2019 12 WD 00004, Stephanie L. Brown-Woehler was appointed and is the currently serving Administrator of the Estate. A true and accurate copy of Stephanie L. Brown-Woehler's Letters of Authority is attached and incorporated herein as Exhibit 1.

2. Stephanie L. Brown-Woehler is an individual residing at the address identified in the caption of the Complaint and is a citizen of the State of Ohio, domiciled in the City of Medina, where she resided with the decedent Ciearra Brown, her daughter, at all times relevant to this Complaint.

3. Stephanie L. Brown-Woehler, as Administrator, brings the wrongful death, survivorship, and other claims set forth in this Complaint in her capacity as the personal representative of decedent Ciearra Brown and the Administrator of the Estate for the exclusive benefit of the persons enumerated in the Ohio Wrongful Death Statute, R.C. 2125.02(A)(1), including, without limitation, herself (as decedent's surviving mother), and Decedent's other next of kin  (collectively, the "Wrongful Death Beneficiaries").

4. Defendant Transport Humar Ltée ("Transport Humar") is, and was at all relevant times, a Canadian limited company that does business and is headquartered in Saint-Eustache, QC, Canada.

2

5. Transport Humar was, at all relevant times, acting as a motor carrier pursuant to the United States Motor Carrier Act of 1980, operated pursuant to USDOT Number 275575 and MC Number 199532, and was subject to other laws and regulations of the United States. Upon information and belief, Transport Humar also operated at all relevant times pursuant to the Quebec Act Respecting Owners, Operators and Drivers of Heavy Vehicles, Quebec Ministry of Transport NIR No. 505695-8, and other laws and regulations of Canada.

6. Jacques Gravel, (the "Driver") is an individual residing at the address identified in the caption of the Complaint and is a citizen of Quebec, Canada, domiciled in the City of Montreal.

7. The Driver was, at all relevant times, employed as a commercial truck driver by Transport Humar. In connection with his employment, the Driver operated a semi tractor-trailer (the "Semi") and was responsible for retrieving and hauling certain cargo from one place to another in interstate and international commerce.

8. At all relevant times, the Semi was owned, leased, and/or managed by Transport Humar.

9. John Does #1 through #11's names and addresses are presently unknown despite Plaintiff's best and reasonable efforts to ascertain the same. Plaintiff will timely amend Plaintiff's Complaint to add this information as soon as it is discovered.

10. The Court has original jurisdiction over the claims set forth in this Complaint pursuant to 28 U.S.C. 1332(a)(1).

11. Venue in the Northern District of Ohio is appropriate pursuant to 28 U.S.C. 1391(b)(2), and (c)(3).

## **FACTUAL BACKGROUND**
**(The Motor-Vehicle Collision)**

12. Plaintiff restates and realleges each of the foregoing paragraphs as if fully rewritten here.

13. On or about November 12, 2019, Ciearra Brown (hereinafter the "Decedent") was traveling westbound on the Ohio Turnpike, Interstate Route 80 ("IR 80"), while operating a motor vehicle in Richfield (Summit County), Ohio when she was involved in a motor-vehicle collision (the "Collision").

14. At the time and place of the Collision, IR 80 W was a single-lane construction zone where westbound traffic was re-directed to the eastbound side of the freeway. At and near the area where the Collision occurred, traffic ahead of the Decedent came to a stop. Therefore, the Decedent and other vehicles in front of and behind her slowed and attempted to stop as well. Minor collisions among the vehicles ensued.

15. At that time, Defendant Driver was traveling behind Decedent and another vehicle on IR 80 W. Although Defendant Driver had an unobstructed view such that he knew or should have known the vehicles ahead presented an immediate hazard, Defendant Driver nevertheless failed to stop the Semi or otherwise take evasive action. Instead, the Driver continued to recklessly and negligently operate the Semi at an unreasonably high rate of speed such that he was unable to avoid catastrophic impact with the vehicles ahead, including, without limitation, Decedent and the vehicle that traveled immediately behind her.

16. As a result, the Driver failed to stop in time – or even slow enough to prevent catastrophic injury and damage – and struck the vehicle immediately behind Decedent at an unreasonably high rate of speed. The Driver struck the vehicle with such force that

the vehicle was launched into and up onto Decedent's vehicle, coming to a rest facing in an easterly direction and crushing Decedent's vehicle underneath. The Semi meanwhile continued pushing the vehicles westbound into additional vehicles and objects, further crushing Decedent's vehicle. Decedent's vehicle was virtually obliterated, and she was crushed inside, suffering catastrophic personal injuries and a tragic and untimely death.

### Count I
### (Wrongful Death –
### Negligent Operation of the Semi)

17. Plaintiff restates and realleges each of the foregoing paragraphs as if fully rewritten here.

18. Defendants owed Decedent and Plaintiff a duty of ordinary care in the ownership, management, and operation of the Semi.

19. Defendants owed Decedent and Plaintiff a duty of ordinary care to act in a reasonably safe manner, to avoid creating unreasonable risks of harm, and to warn of known hazards.

20. The Collision and Plaintiff's resultant injuries and damages were foreseeable and avoidable had Defendants acted with ordinary care.

21. Defendants knew or should have known that imminent or actual harm would occur absent warning of the hazards they created.

22. Defendant Driver, in particular, was negligent and breached his duties to Decedent, Plaintiff, and the Wrongful Death Beneficiaries by, among other things:

    a. Operating the Semi when he knew or should have known the Semi was not fit for use on the public roadways;

  b. Operating the Semi when he knew or should have known he was not qualified or otherwise permitted to operate motor vehicles, including the Semi, on behalf of Transport Humar;

  c. The manner in which he operated the Semi;

  d. Failing to keep a proper lookout;

  e. Failing to stop the Semi in time;

  f. Failing to maintain an assured clear distance;

  g. Traveling at an excessive rate of speed give the weather and roadway conditions;

  h. Failing to keep the Semi in proper control;

  i. Failing to take proper evasive action in order to avoid the Collision;

  j. Creating the hazard;

  k. Failing to recognize the hazard;

  l. Failing to warn of the hazard.

23. As a direct and proximate result of the aforesaid negligence and other wrongful conduct of Defendants, the Decedent wrongfully died on or about November 12, 2019.

24. As a direct and proximate result of the aforesaid negligence and other wrongful conduct of Defendants, Plaintiff, Decedent, and the Wrongful Death Beneficiaries sustained economic damages, non-economic damages, hedonic damages, and other damages and losses that they are entitled to recover in this action.

25. As a direct and proximate result of Defendants' aforesaid negligence and other wrongful conduct, Plaintiff, Decedent, and the Wrongful Death Beneficiaries sustained compensatory damages, including, without limitation:

   a. All damages allowable by law, including those permitted by R.C. 2121.02(B)(1) through (B)(5);

   b. Loss of support from the reasonably expected earning capacity of Decedent;

   c. Loss of services of Decedent;

   d. Loss of the society of the Decedent, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education;

   e. Loss of prospective inheritance to Decedent's heirs at law at the time of Decedent's death;

   f. Mental anguish incurred by the Wrongful Death Beneficiaries as a result of Decedent's untimely death; and

   g. Funeral and burial expenses in the amount of $8,648.25.

26. As a direct and proximate result of the foregoing, Plaintiff, Decedent, and the Wrongful Death Beneficiaries suffered, and Defendants are liable for, the damages and injuries claimed herein, including the prayer for relief.

### Count II)
### (Survivorship – Negligent Operation of the Semi)

27. Plaintiff restates and realleges each of the foregoing paragraphs as if fully rewritten here.

28. As a direct and proximate result of Defendants' aforesaid negligence and other wrongful conduct, the Decedent, prior to her death, sustained severe personal injuries, physical pain and suffering, severe emotional distress, anxiety, fright, terror, and other damages and losses.

29. As a direct and proximate result of the foregoing, Plaintiff, Decedent, and the Wrongful Death Beneficiaries suffered, and Defendants are liable for, the damages and injuries claimed herein, including the prayer for relief.

### Count III
### (Wrongful Death/Survivorship – Negligence Per Se)

30. Plaintiff restates and realleges each of the foregoing paragraphs as if fully rewritten here.

31. The Ohio Revised Code, federal and state motor carrier laws and regulations, and/or other legislation, ordinances, and regulations impose specific duties for the protection of others (the "Rules of the Road").

32. The Rules of the Road exist to prevent the type of injuries alleged herein.

33. Decedent, Plaintiff, and the Wrongful Death Beneficiaries are members of the class of people the Rules of the Road were intended to protect.

34. At all times relevant to this action, Defendants violated and otherwise failed to perform the duties imposed upon them by the Rules of the Road.

35. Defendants' failure to perform the duties imposed upon them by the Rules of the Road directly and proximately caused damages and injuries to Plaintiff, Decedent, and the Wrongful Death Beneficiaries as alleged herein.

36. Defendants are liable per se to Plaintiff.

37. As a direct and proximate result of the foregoing, Plaintiff, Decedent, and the Wrongful Death Beneficiaries suffered, and Defendants are liable for, the damages and injuries claimed herein, including the prayer for relief.

### Count IV
### (Wrongful Death/Survivorship – Negligent Entrustment)

38. Plaintiff restates and realleges each of the foregoing paragraphs as if fully rewritten here.

39. Transport Humar had a duty to exercise due care when entrusting the Semi to others.

40. Transport Humar knew or should have known of Defendant Driver's incompetence and propensity for negligence and other wrongful conduct.

41. Transport Humar knew or should have known that Defendant Driver would use the Semi in a manner involving unreasonable risks of harm.

42. Transport Humar nevertheless supplied the Semi to Defendant Driver for his use and operation in connection with his employment/agency, and, thus, breached its duties to Plaintiff, Decedent, and the Wrongful Death Beneficiaries.

43. As a direct and proximate result of the foregoing, Plaintiff, Decedent, and the Wrongful Death Beneficiaries suffered, and Defendants are liable for, the damages and injuries claimed herein, including the prayer for relief.

### Count V
### (Wrongful Death/Survivorship – Negligent Hiring, Retention, and Supervision)

44. Plaintiff restates and realleges each of the foregoing paragraphs as if fully rewritten here.

45. Transport Humar had a duty to exercise due care in hiring, training, supervision and retention of its employees/agents.

46. Transport Humar breached its duties in this regard by, among other things:

a. Instructing and otherwise permitting Defendant Driver to operate the Semi – even though it knew or should have known that the Semi was not fit for use on the public roadways and that Defendant Driver was not qualified or otherwise permitted to operate motor vehicles, including the Semi, on behalf of Transport Humar;

b. Failing to develop, implement, and enforce proper policies and procedures to ensure that the Semi and Defendant Driver met all applicable regulations established for the operation of commercial transportation vehicles in interstate and international commerce;

c. Failing to provide a qualified operator of the Semi;

d. Providing Defendant Driver with and permitting him to operate the Semi even though it was not properly equipped, rendering the Semi unroadworthy;

e. Permitting the operation of the Semi by an individual who was not competent;

f. Permitting the operation of the Semi with actual or constructive knowledge of dangerous conditions;

g. Failing to remedy deficiencies in the Semi and its operator, which were known or should have been known; and

h. Failing to remedy deficiencies in the Semi that rendered it unroadworthy.

47. As a direct and proximate result of the foregoing, Plaintiff, Decedent, and the Wrongful Death Beneficiaries suffered, and Defendants are liable for, the damages and injuries claimed herein, including the prayer for relief.

## Count VI
### (Vicarious Liability)

48. Plaintiff restates and realleges each of the foregoing paragraphs as if fully rewritten here.

49. Transport Humar is liable for the aforesaid conduct of its employees and agents acting within the course and scope of their employment/agency, including, without limitation, their managers; supervisors; safety personnel; truck drivers; Defendant Driver, and each of the other Defendants and their employees and agents.

50. Therefore, Transport Humar is vicariously liable for any damages assessed to its employees and agents under the doctrine of respondeat superior.

51. As a direct and proximate result of the foregoing, Plaintiff, Decedent, and the Wrongful Death Beneficiaries suffered, and Defendants are liable for, the damages and injuries claimed herein, including the prayer for relief.

WHEREFORE, Plaintiff, Stephanie L. Brown-Woehler, as Administrator of the Estate of Ciearra M. A. Brown, deceased, requests judgment on the Estate's Complaint as follows:

A. As to all Counts against all Defendants, for judgment against Defendants Transport Humar Ltée, Jacques Gravel, and John Does #1 through #11, individually, collectively, and jointly and severally, in an amount exceeding $75,000.00, including compensatory damages;

B.	As to all counts and against all Defendants, for costs, reasonable attorneys' fees, interest, and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

***SLATER & ZURZ LLP***

/s/ Richard V. Zurz, Jr.
RICHARD V. ZURZ, JR. (#0007978)
MICHAEL SCHMELTZER (#0080340)
One Cascade Plaza, Suite 2210
Akron, OH 44308
(330) 762-0700
(330) 762-3923 – Fax
rzurz@slaterzurz.com
mschmeltzer@slaterzurz.com
*Attorneys for Plaintiff Stephanie L. Brown-Woehler, Administrator*

## Jury Demand

Plaintiff, Stephanie L. Brown-Woehler, as Administrator of the Estate of Ciearra Brown, deceased, requests a trial by jury as to all issues which a jury may consider and determine.

/s/ Richard V. Zurz, Jr.
RICHARD V. ZURZ, JR. #0007978
MICHAEL SCHMELTZER #0080340
*Attorneys for Plaintiff Stephanie L. Brown-Woehler, Administrator*